UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER EARL HAWKINS, | No. C 07-1222 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| JOHN GRADSAERT; et al., | |
| Respondents. | |

Homer Earl Hawkins, currently incarcerated at the Ironwood State Prison, has filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition challenges his 2005 conviction in the San Mateo County Superior Court. His appeal from the judgment of conviction was pending in the California Court of Appeal when he filed this action. Petition, pp. 3, 5.

Prisoners in state custody who want to challenge either the fact or length of their confinement in federal court by a petition for a writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. See 28 U.S.C. § 2254(b)(1)(A),(c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See id. at 4-5. The exhaustion requirement is not satisfied if there is a pending post-conviction proceeding in state court. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). If an appeal or collateral challenge of a state criminal conviction is pending, a would-be federal habeas petitioner must await the outcome of

1 the state court action before his state remedies are considered exhausted, even where the issue
2 to be raised in the petition for writ of habeas corpus has been finally settled in the state courts.
3 <u>See</u> <u>id.</u>  Even if the federal constitutional question raised by the petitioner cannot be resolved in
4 a pending state action, that action may result in the reversal of the petitioner's conviction on
5 some other ground, thereby mooting the federal question.  <u>See</u> <u>id.</u> (citations omitted); <u>cf.</u> <u>Phillips</u>
6 <u>v. Vasquez</u>, 56 F.3d 1030, 1036 (9th Cir. 1995) (allowing death penalty defendant's habeas
7 challenge to guilt determination even though state court challenge to his sentence of death was
8 still pending; extraordinary delay in adjudicating the latter excused exhaustion requirement and,
9 unlike <u>Sherwood</u>, there was no danger that the pending state appeal would moot the federal
10 court's decision).

11   Hawkins' criminal appeal was pending when he filed this action.  He must await the
12 outcome of that state court challenge to his conviction before presenting his claims in federal
13 court.  Until that proceeding is concluded, a habeas petition in this court is premature and must
14 be dismissed.  Because Hawkins has not exhausted his state court remedies, his petition is
15 DISMISSED.

16   After Hawkins exhausts his state court remedies, he may file a new petition for writ of
17 habeas corpus.  He is cautioned <u>not</u> to file an amended petition in this action and not to use the
18 case number for this action because this action is being closed today.  When he files a new
19 petition, he should put no case number on the first page, and should submit it with the $5.00
20 filing fee or a completed <u>in forma pauperis</u> application.  At that time, the court will give the new
21 petition a new case number.  Any new petition should also have a proper respondent; the proper
22 respondent is the warden for the prison in which the petitioner is located at the time he files his
23 petition.

24   The <u>in forma pauperis</u> applications are GRANTED.  (Docket # 2 and # 4.)
25   IT IS SO ORDERED.
26 DATED: June 21, 2007

_____
SUSAN ILLSTON
27 United States District Judge
28

2